Welles vs. Biddle.

WELLES vs. BIDDLE.

1. A judgment of non-suit cannot be entered against a party without his consent.

ERROR to St. Louis Court of Common Pleas.

PRIMM, TAYLOR AND LESLIE, for Plaintiff in error.

POINTS AND AUTHORITIES.

1. It is respectfully submitted that the St. Louis court of common pleas committed error in non-suiting the plaintiff, because the authorities are conclusive, that courts will not refuse to try actions like the

one the evidence in the bill of exceptions presents, on the ground of the same being an idle waste of time. 21 Com. Law Rep. p. 213, and notes; 3 Price's Rep. p. 212.

2. There is nothing whatever in the record shewing a gaming transaction, as contemplated by our statute. Rev. Code, p. 290.

3. The subscribers were tenants in common of the property in question, and the means resorted to to make partition of their property was lawful, there being nothing immoral, either in the application of the proceeds, or the means of determining the ownership of the same.

4. An agent or stakeholder is liable to the winner, and cannot set up the illegality against the claim of his principal. The defendant in error was in this situation as to the property, and parties in question.—16 Com. Law Rep. page 276, and authorities there cited in note 15, Ib. 204.

SPALDING & TIFFANY, for Defendant in error.

### POINTS AND AUTHORITIES.

1. The raffle was a *"game, or gambling device,"* within the meaning of the act of Assembly restraining gaming. See Rev. Code, 290; 4 Missouri Reports, 536. That horse racing is a *game* within the meaning of our statutes to restrain gaming.

This decision was under the old revised code of 1825. See p. 409.

The court also decide that a bond given to secure payment of a forfeiture for failing to run the race, was against the policy of the law, and therefore void. 4 Mo. Rep. 599, Boynton vs. Curle. In this case the same principle is decided.

Betting upon the throw of dice seems to be a *game,* and more appropriately so called than a horse race.

2. If the raffle, or winning by throwing dice, be *gaming* within the meaning of that act, then it follows that the title of property could not be changed thereby.

The first section enacts that any money or property won at any gambling device, may be recovered back by action, &c. And the third section provides that all bonds, bills, notes, &c., given for a gambling consideration shall be void.

These provisions, in effect, make the contract null, and prevent the change of title. For if the party losing the chairs could, even after they had been delivered, recover them back by suit, certainly the title still remained in him: and if the enforcing of the forfeiture incurred for fail-

ing to run a horse race, be against the policy of the act, so must be the enforcing of the change of title of the property won by a gaming device.

If Wells can succeed here, and recover the chairs, a suit could be brought against him by the party from whom they were won, founded on the first section of the act, and the chairs recovered back.

TOMPKINS, J. delivered the opinion of the court.

George W. Wells brought an action of detinue against Anne Biddle, in the St. Louis court of common pleas, and judgment being there given against him, he appealed to this court.

On the trial of the cause some evidence was given, as is seen from the bill of exceptions. When the evidence was closed, it is stated in the bill of exceptions, that the court directed a non-suit to be entered against the plaintiff, which was accordingly done. To this decision of the court the plaintiff excepted. The plaintiff then moved to set aside the non-suit, and the motion being overruled, he excepted to that decision of the court. In the case of Welles vs. Gaty et al, decided at the last term, and in Clark vs. Steamboat Mound City, and Perrin vs. Wilson, and many others, decided at this term, this court reversed the decisions of the court of common pleas, because it had directed a non-suit to be entered up against the plaintiff, against his will. For the same reason this judgment will be reversed. See the case of Welles vs. Gaty et al, and the authorities there cited.

The judgment of the court of common pleas is reversed and the cause remanded.

